UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SHELDON COOPER,  :
               Plaintiff,  :
: **OPINION AND ORDER**
v.  :
: 15 CV 10075 (VB)
ORANGE COUNTY, ORANGE COUNTY  :
JAIL, CORRECTIONAL MEDICAL CARE,  :
INC. and JOHN DOE,  :
               Defendants.  :
----------------------------------------------------------------x

Briccetti, J.:

Plaintiff Sheldon Cooper, a former inmate at Orange County Jail, brings this action against defendants Orange County; Orange County Jail; Correctional Medical Care, Inc. ("CMC"); and "John Doe" under 42 U.S.C. § 1983 for deliberate indifference to plaintiff's medical needs in violation of his constitutional rights and under state law for medical malpractice regarding his treatment for scabies.

Before the Court are Orange County and Orange County Jail's motion to dismiss the amended complaint pursuant to Rules 12(b)(2), (5), and (6) (Doc. #35), and CMC's motion to dismiss the amended complaint pursuant to Rule 12(b)(6). (Doc. #42).

For the reasons set forth below, defendants' motions to dismiss are GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

For purposes of ruling on the motions to dismiss, the Court accepts all factual allegations of the amended complaint as true and draws all reasonable inferences in plaintiff's favor. The following factual background is drawn from the amended complaint.

1

In April 2014, plaintiff developed a rash while incarcerated at the Orange County Jail.[1] Plaintiff requested medical care and a CMC employee, identified only as John Doe, provided him cortisone. However, "[t]he cortisone did not relieve [his] symptoms" (Am. Compl. ¶ 8) or cure the rash, which progressively worsened and eventually spread to plaintiff's "armpits, chest, abdomen, genitals, groin, buttocks, back, arms, and legs." (Am. Compl. ¶ 10). Sometime thereafter, John Doe provided plaintiff allergy medication, but the rash persisted. Sometime during the summer, John Doe provided "another cream," which also did not cure the rash. (Am. Compl. ¶ 11).

In August 2014, plaintiff filed a grievance regarding his medical treatment. In September 2014, plaintiff was told he would be seen by a dermatologist, and plaintiff filed a second grievance. On October 15, 2014, plaintiff saw a dermatologist who diagnosed him with scabies and provided appropriate treatment. However, because plaintiff's condition went approximately six months without proper treatment, the rash left permanent scarring.

Plaintiff alleges Orange County and CMC lacked protocol and training on the identification, treatment, and management of scabies at the jail. Plaintiff alleges scabies is a common skin condition, especially in institutional settings, which is painful and can cause scarring if not promptly and properly treated.

---

[1] However, plaintiff alleges he was incarcerated only from July 2 to November 20, 2014. Orange County noted this inconsistency (Orange County Br. at 9 n.1), but plaintiff did not clarify the matter. Giving plaintiff the benefit of the doubt, the Court assumes the rash first appeared in April 2014, while he was incarcerated.

## DISCUSSION

I. <u>Legal Standards</u>

    A.    <u>Insufficient Service of Process</u>

"Where a defendant moves for dismissal under Rules 12(b)(2), (5), and (6), the Court must first address the preliminary questions of service and personal jurisdiction." <u>Hertzner v. U.S. Postal Serv.</u>, 2007 WL 869585, at *3 (E.D.N.Y. Mar. 20, 2007) (internal citations omitted). When considering a motion to dismiss pursuant to Rule 12(b)(5) for insufficient service of process, courts must look to matters outside the complaint to determine whether it has jurisdiction. <u>Mende v. Milestone Tech., Inc.</u>, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003). Plaintiff bears the burden of proving service of process was adequate. <u>Id</u>.

    B.    <u>Rule 12(b)(6) Standard of Review</u>

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. <u>Id</u>. at 678; <u>Hayden v. Paterson</u>, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678; <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

II.     Orange County Jail

Orange County Jail moves to dismiss all claims against it because it is not a suable entity. Plaintiff did not respond to this argument, and it appears he agrees.[2]

In any event, under New York law, a municipal department, such as Orange County Jail, does not have a legal identity apart from the municipality that created it, and therefore it cannot be sued under Section 1983. See Dayton v. City of Middletown, 786 F. Supp. 2d 809, 818–19 (S.D.N.Y. 2011).

Accordingly, all claims against Orange County Jail are dismissed.

III.    Service on John Doe

Plaintiff asserts deliberate indifference and medical malpractice claims against a CMC employee identified only as John Doe; however, plaintiff has continuously failed to identify and serve this defendant, despite repeated reminders and warnings from the Court.

This action was commenced on December 28, 2015. On May 17, 2016, because plaintiff had failed to request summonses properly or to file proof of service regarding any defendant for nearly six months, the Court ordered plaintiff, by June 17, 2016, to "either (i) file[] proof of service with the Clerk, or (ii) show[] cause in writing why a further extension of the time limit

---

[2]     In a footnote in the amended complaint, plaintiff stated that he "moves to dismiss the Orange County Jail as a Defendant in this action," but did not file this document as a motion. (Am. Compl. at 1 n.1).

4

for service is warranted," and warned that this case would be dismissed without prejudice if he failed to comply, citing Rule 4(m). (Doc. #5).

By letter dated July 11, 2016, after the Court's deadline had expired, plaintiff himself requested an updated copy of the docket for this case. (Doc. #6). Because that letter indicated to the Court that "plaintiff, unlike his attorney, seem[ed] to be interested in pursuing this case," by order dated July 19, 2016, the Court declined to dismiss the action under Rule 4(m), but ordered plaintiff's counsel to explain why a summons had yet to be issued. (Doc. #7 at 1).

On July 28, 2016, after receiving a letter from plaintiff's counsel, the Court extended plaintiff's deadline to file proof of service to September 27, 2016, and warned: "No further extensions will be granted. If counsel fails to file proof of service by September 27, 2016, this case will be dismissed without further warning." (Doc. #10 at 1).

Plaintiff has still not identified John Doe or filed proof of service as to John Doe.[3]

IV.   Service on Orange County

Orange County argues that because plaintiff did not properly serve the amended complaint on it, the Court lacks personal jurisdiction.

Plaintiff bears the burden of proving service of process was adequate. Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003). Plaintiff failed to address Orange County's argument regarding improper service, and therefore failed to carry his burden.

Accordingly, Orange County is dismissed.

However, even if plaintiff's service on the Orange County Jail were deemed to be service on Orange County, for the reasons explained below, plaintiff fails to state a valid Section 1983

---

[3]   On September 20, 2016, plaintiff filed an Affidavit of Service for "All Defendants." (Doc. #14). That ECF entry is mislabeled, as the document provides proof of service for only CMC and Orange County Jail.

claim against Orange County, and the Court declines to exercise supplemental jurisdiction over plaintiff's state law medical malpractice claim.

V.     Constitutionally Inadequate Medical Care Claim

Plaintiff asserts a claim against all defendants regarding his allegedly constitutionally inadequate medical care, but it is unclear which constitutional provision was allegedly violated. The amended complaint alleges plaintiff was an inmate and asserts defendants violated his Eighth Amendment rights. It does not, however, allege whether plaintiff was held as a convicted prisoner or as a pretrial detainee. The memoranda of law from Orange County and Orange County Jail and from CMC imply that plaintiff was a pretrial detainee. Given the lack of clarity as to whether plaintiff was a convicted prisoner (and thus the Eighth Amendment applies) or he was a pretrial detainee (and thus the Fourteenth Amendment applies), the Court addresses plaintiff's claim under both legal frameworks.

To assert a viable Section 1983 claim for constitutionally inadequate medical care in violation of the Eighth Amendment for treatment while incarcerated as a convicted inmate, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To state a claim, plaintiff must plead facts showing (i) the alleged deprivation of medical care is "sufficiently serious," and (ii) the officials in question acted with a "sufficiently culpable state of mind." Salahuddin v. Goord, 467 F.3d 263, 279–80 (2d Cir. 2006).

The seriousness of deprivation requirement has two subparts. "The first inquiry is whether the prisoner was actually deprived of adequate medical care," keeping in mind that only "reasonable care" is required. Salahuddin v. Goord, 467 F.3d at 279 (citing Farmer v. Brennan, 511 U.S. 825, 839–40 (1970)). The second inquiry is "whether the inadequacy in medical care is

6

sufficiently serious," and requires an analysis of "how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." Salahuddin v. Goord, 467 F.3d at 280 (citing Helling v. McKinney, 509 U.S. 25, 32–33 (1993)).

In determining whether an alleged injury is a "serious" medical condition, "factors that have been considered include [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citation omitted). In cases challenging the adequacy of the medical treatment provided, "the seriousness inquiry is narrower. For example, if the prisoner is receiving on-going treatment and the offending conduct is an unreasonable delay or interruption in that treatment, the seriousness inquiry 'focuses on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone.'" Salahuddin v. Goord, 467 F.3d at 280 (quoting Smith v. Carpenter, 316 F.3d 178, 185 (2d Cir. 2003)).

To satisfy the mental state requirement of a claim of constitutionally inadequate medical care under the Eighth Amendment, plaintiff must plead facts showing that the "prison official knew of and disregarded the plaintiff's serious medical needs." Chance v. Armstrong, 143 F.3d at 703. Deliberate indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." Estelle v. Gamble, 429 U.S. at 104–05. However, an "inadvertent failure to provide adequate medical care" does not constitute deliberate indifference. Id. at 105.

To assert a viable Section 1983 claim for constitutionally inadequate medical care in violation of the Fourteenth Amendment for treatment while incarcerated as a pretrial detainee,

7

plaintiff must also satisfy a seriousness of deprivation requirement and a mental state requirement. The seriousness of deprivation requirement is the same in the Fourteenth Amendment context as it is in the Eighth Amendment context, described above. Darnell v. Pineiro, 849 F.3d 17, 30 (2d Cir. 2017).

However, the mental state requirement is less burdensome under the Fourteenth Amendment because a pretrial detainee need not show criminal recklessness. Instead, a Fourteenth Amendment violation can occur "when an official does not have subjective awareness that the official's acts (or omissions) have subjected the pretrial detainee to a substantial risk of harm." Darnell v. Pineiro, 849 F.3d at 35. Said differently:

> [U]nder the Due Process Clause of the Fourteenth Amendment, the pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety.

Id. (emphasis added).

Finally, to impose liability on an municipality or local government under Monell v. Department of Social Services, 436 U.S. 658, 694 (1978), based on its "failure to have a policy" (Pl.'s Opp'n Br. at 4), a plaintiff must show: "(1) employees will confront a given situation; (2) training or supervision will make a decision less difficult; and (3) the wrong choice by the employee will lead to constitutional deprivations." Green v. City of New York, 465 F.3d 65, 80–81 (2d Cir 2006). To satisfy this third element, a plaintiff ordinarily must allege "[a] pattern of similar constitutional violations by untrained employees." Chamberlain v. City of White Plains, 986 F. Supp. 2d 363, 391 (S.D.N.Y. 2013) (quoting Connick v. Thompson, 563 U.S. 51, 62 (2011)). However, in "limited circumstances," a plaintiff may rely on a single incident when "the unconstitutional consequences of failing to train are so patently obvious that a city should be

8

liable under Section 1983 without proof of a pre-existing pattern of violations." Chamberlain v. City of White Plains, 986 F. Supp. 2d at 391 (quoting Connick v. Thompson, 563 U.S. at 64).

A.    John Doe

Even if John Doe had been identified and properly served, plaintiff would fail to state a constitutionally inadequate medical care claim – regardless of whether he was a convicted prisoner or a pretrial detainee – because plaintiff does not allege facts to satisfy either the seriousness of deprivation requirement or the mental state requirement of such a claim.

With respect to the seriousness of deprivation requirement, plaintiff fails to allege that the condition from which he suffered or the delay in treatment of that condition were sufficiently serious. Plaintiff alleges that he developed a rash, the only stated symptoms of which were an undescribed level and duration of pain, and eventually scarring. Plaintiff does not allege that the rash caused him to suffer chronic and substantial pain or that it significantly affected his daily activities. Thus, plaintiff fails to allege a sufficiently serious medical condition to satisfy the seriousness of deprivation requirement. See, e.g., Purdie v. City of New York, 2011 WL 1044133, at *3 (S.D.N.Y. Mar. 15, 2011) ("A skin rash is generally insufficient to meet the [seriousness of deprivation] requirement of a sufficiently grave and serious condition giving rise to a deliberate indifference claim."); Swindell v. Supple, 2005 WL 267725, at *7 (S.D.N.Y. Feb. 3, 2005) (holding that a "skin condition . . . producing excessive itching, scratching, soreness from scratching, and cracked skin" is not a condition of "an urgent and substantially painful nature as would satisfy the" seriousness of deprivation requirement).

Plaintiff's failure to satisfy the seriousness of deprivation requirement becomes even more apparent when considered under the more narrow inquiry applicable here. Because John Doe repeatedly treated plaintiff for his complained-of condition, the Court analyzes the delay in

9

proper treatment. "Plaintiff's discomfort during the period of misdiagnosis and his resulting scars notwithstanding, his condition does not qualify as a serious medical need for the purposes of stating a claim under the Constitution." Samuels v. Jackson, 1999 WL 92617, at *3 (S.D.N.Y. Feb. 22, 1999) (dismissing inmate plaintiff's deliberate indifference claim related to his delay in effective treatment for scabies).

With respect to the mental state requirement, even if plaintiff's alleged injury were sufficiently serious, plaintiff's allegations are also deficient.

That is, even if plaintiff were a pretrial detainee and thus subject to the less-demanding mental state requirement, plaintiff fails to allege defendant "recklessly failed to act with reasonable care to mitigate the risk that the condition posed to" him, despite that the defendant "knew, or should have known, that the condition posed an excessive risk to health or safety." Darnell v. Pineiro, 849 F.3d at 35. Plaintiff alleges only that he "requested medical care numerous times" (Am. Compl. ¶ 8), and that he filed two grievances regarding his medical care. Although plaintiff alleges he was repeatedly treated by the CMC employee identified only as John Doe, he alleges only that John Doe knew of the rash and that the first three courses of treatment were ineffective. But because John Doe repeatedly provided treatment responsive to plaintiff's complained-of rash, even though such treatment was ultimately ineffective, plaintiff alleges nothing more than an inadvertent failure to provide adequate medical care. See, e.g., Samuels v. Jackson, 1999 WL 92617, at *2 (dismissing inmate plaintiff's deliberate indifference claim related to his delay in effective treatment for scabies because, even though "plaintiff's condition was initially misdiagnosed and the two medications initially prescribed appear not to have worked," such allegations "establish nothing more than ordinary negligence").

Accordingly, plaintiff fails to state a claim of constitutionally inadequate medical care.

10

B.  Orange County and CMC

Plaintiff claims Orange County and CMC are liable for his inadequate medical care because they both lacked protocol and training on "the identification, treatment, and management of scabies at the Jail," which "resulted in the deliberative [sic] indifference by the individual Defendants [sic] to Plaintiff's serious medical needs." (Am. Compl. ¶¶ 28–33).

As explained above, plaintiff fails to allege a single incident of an unconstitutional consequence from any failure to train, much less a pattern of similar violations, or a single patently obvious unconstitutional consequence, and thus plaintiff fails to state a claim for any alleged failure to train. See, e.g., Chamberlain v. City of White Plains, 986 F. Supp. 2d 363, 391 (S.D.N.Y. 2013).

Accordingly, the deliberate indifference claim is dismissed.

VI. Medical Malpractice Claim

Because the Court has dismissed the only federal claim in this case, there is no longer a claim remaining over which it has original jurisdiction.

"A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009); 28 U.S.C. § 1367(c)(3).

The Court declines to exercise supplemental jurisdiction over the state law medical malpractice claim.

## CONCLUSION

The motion to dismiss of defendants Orange County and Orange County Jail is GRANTED.

The motion to dismiss of defendant Correctional Medical Care, Inc., is GRANTED.

The Clerk is instructed to terminate the motions (Docs. ##35, 42) and close this case.

Dated: August 2, 2017
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge